IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Odessa Jackson, | ) | C/A No.: 1:19-cv-2683-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Andrew M. Saul, Commissioner of | ) | |
| the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the motion of counsel for Plaintiff for fees under 42 U.S.C. § 406(b). [ECF No. 31]. On August 19, 2020, the court reversed the Commissioner's decision that had denied Plaintiff's claim for social security disability benefits and remanded the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). [ECF No. 26]. The Commissioner subsequently awarded Plaintiff total past-due benefits in the amount of $132,889.00. [ECF No. 31-6 at 3]. On November 19, 2020, the court issued an order granting Plaintiff's motion under the Equal Access to Justice Act ("the EAJA") and directing the Commissioner to pay Plaintiff $8,400, with $8,000 representing attorney fees and $400 representing costs. [ECF No. 30]. On November 20, 2020, counsel requested the court authorize a fee in the amount of $33,222.25, which represents 25% of past-due benefits resulting from the claim, as agreed to by Plaintiff in the

contingent fee agreement dated September 16, 2019. [ECF Nos. 31 at 1 and 31-4 at 1]. The Commissioner subsequently filed a response in support of Plaintiff counsel's motion. [ECF No. 32]. The court has considered counsel's motion for fees under 42 U.S.C. § 406(b), and approves the motion, as set forth herein.

I.     Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. Nevertheless, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

Counsel filed a copy of the contingent fee agreement, signed by Plaintiff, which provides in relevant part:

> Claimant agrees to pay and/or authorizes the Social Security Administration to pay an attorney fee of Twenty-Five percent (25%) of all past-due benefits recovered. The past-due benefits on which the twenty-five percent (25%) attorney fee is based shall include any past-due benefits for Claimant's dependents. THE ATTORNEY FEE IS PAYABLE ONLY IF THE DECISION OF THE COURT OR THE SOCIAL SECURITY ADMINISTRATION IS FAVORABLE AND THE CLAIM RESULTS IN THE PAYMENT OF PAST-DUE BENEFITS, EXCEPT FOR AN ATTORNEY FEE PAID UNDER THE EQUAL ACCESS TO JUSTICE ACT (EAJA).

[ECF No. 22-2 at 1]. Because the agreed-upon fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Plaintiff's two attorneys have represented her for over a year and have expended a combined total of 37.5 hours on her claim. Counsel obtained total past-due benefits on claimant's behalf in the amount of $132,889 for the period from November 2012 through August 2020. [ECF No. 23 at 1–2]. In consideration of the nature of the representation, the period of the representation, and the amount of past-due benefits obtained for Plaintiff, the court concludes that the fee is not out of line with the character of the representation and the results achieved.

The court further determines that counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court. Although Plaintiff's counsel requested two extensions for filing her brief, such requests did not significantly delay the court's review and were reasonable given the 2550-page record and challenges presented by the COVID-19 national public health emergency.

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 37.5 hours at the district court level. [ECF Nos. 31-1 at 2, 31-3 at 4, 31-5 at 1–2]. Counsel request an hourly rate of $885.93, which they admit exceeds their non-contingent hourly billing rates. *See* ECF Nos. 31-1 at 3 (indicating Robertson H. Wendt Jr.'s non-contingent hourly rate to be $350) and 31-3 at 3 (reflecting Sarah H. Bohr's non-contingent hourly rate as $375). However, "[i]f the fee approved for [] counsel was limited to the hourly rate an attorney could earn without the risk of a contingency fee . . . 'plaintiff's may find it difficult to obtain representation.'" *Duval v. Colvin*, C/A No. 5:11-577-RMG, 2013 WL 5506081, at *1 (D.S.C. Sept. 30, 2013) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 246 (4th Cir. 2010). Because counsel accepted representation along with the risk of no payment, a resulting fee that exceeds their hourly non-contingent rates is not unreasonable and does not result in a windfall.

4

The court finds the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b) and approves a total attorneys' fee of $33,222.25.

II.     Refund of EAJA Fees

The *Gisbrecht* Court directed that the attorney should refund the smaller fee to "the claimant" when the attorney obtained fees under both the EAJA and 42 U.S.C. § 406(b). Therefore, the court directs counsel, upon receipt of the total fee approved herein, to refund to Plaintiff the $8,000 EAJA fee paid in this action.

IT IS SO ORDERED.

December 2, 2020                               Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge